UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE PARADA, | ) |
|             Plaintiff, | ) |
| v. | ) Civil Action No. _____ |
| OCEAN STATE TOWING & RECOVERY, INC. and JOHN DOE | ) |
|             Defendants. | ) |

## COMPLAINT

### INTRODUCTION

The plaintiff, Jose Parada, brings this action under the Fair Debt Collection Practices Act ("FDCPA") against the Ocean State Towing & Recovery, Inc. and its employee, John Doe. The defendants are engaged in the business of vehicle repossession. In March, 2010, the defendants repossessed the plaintiff's automobile when there was no existing right to seize the vehicle. As a result of this unlawful act, the plaintiff suffered economic and emotional distress damages for which he seeks to recover by this action.

### PARTIES

1. Plaintiff Jose Parada is an individual consumer residing in Canton, Massachusetts.

2. Defendant Ocean State Towing & Recovery, Inc. ("Ocean State") is a corporation organized under the laws of the State of Rhode Island with a principal place of business at 120 Pershing Street, East Providence, RI 02914.

3. Ocean State is engaged in trade or commerce and uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

4. NES is a debt collector as defined by 15 U.S.C. § 1692a(6).

5. On information and belief, Defendant John Doe is an individual employed by Ocean State. On information and belief, Mr. Doe is engaged in a business the principal purpose of which is the enforcement of security interests.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue in this district is proper as the plaintiff resides in this district and the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

8. The plaintiff has a car loan debt with Volvo Car Finance NA ("Volvo").
9. This debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).
10. The collateral for the debt is a 2001 Volvo Sedan (the "car").
11. The plaintiff fell behind on his car payments during the first few months of 2010.
12. Pursuant to applicable Massachusetts law, M.G.L., c. 255b, § 20a, Volvo sent the plaintiff a notice entitled "Rights of Defaulting Buyer under the Massachusetts Motor Vehicle Installment Sales Act." See attached, Exhibit A.

13. The notice and law provided the plaintiff certain time to cure his default and put his loan with Volvo back in good standing. Specifically, the plaintiff had until March 18, 2010 to pay Volvo $909.46.

14. Although consumers may sometimes ignore such notices, the plaintiff took the opportunity to do what the law provided: He paid and Volvo received $909.46 by March 18, 2010.

15. The plaintiff paid this amount in two installments, the first on March 1, 2010 and second on March 3, 2010. See attached, Exhibit B.

16. These payments brought the plaintiff's out of default, as defined by Massachusetts law.

17. Despite this fact, on March 23, 2010 at approximately 1:30 a.m., Ocean State arrived at the plaintiff's residence to repossess his car.

18. The plaintiff objected to the repossession attempt. However, the Ocean employee, John Doe, acting within the scope of his employment, threatened the plaintiff with property damage and shone a bright light into his neighbors' windows.

19. Mr. Doe towed the plaintiff's car away to an unknown location.

20. The plaintiff then began a quest to recover his wrongfully-seized car. In the end, he was successful, but only after paying repossession and storage fees, being without transportation, paying for a rental car, and suffering other monetary damages. Moreover, as a result of these events, the plaintiff also suffered significant emotional distress damage.

## CLAIM FOR RELIEF
### Count I
### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates and realleges the foregoing paragraphs.

22. The defendants took a nonjudicial action to effect the dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest. In doing this, the defendants violated 15 U.S.C. § 1692f (6)(A).

23. The defendants actions caused the plaintiff actual damages.

24. Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award him statutory damages of $1,000, actual damages, declaratory relief the defendants' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

WHEREFORE, the plaintiff, Jose Parada, respectfully requests that this Court:

A. Enter judgment for the plaintiff against the defendants for actual damages pursuant to 15 U.S.C. § 1692k.
B. Enter judgment for the plaintiff against the defendants for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.
C. Enter judgment Declaring the defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.
D. Award the plaintiff reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).
E. Grant such other relief that the Court deems just.

## JURY DEMAND

The plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 14th day of April, 2010.

JOSE PARADA,

by his attorney,

*/s/ Nicholas F. Ortiz*

---

Nicholas F. Ortiz, BBO# 655135
306 Dartmouth Street
Suite 501
Boston, MA 02116
(617) 716-0282